# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-797V
Filed: November 25, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | **PUBLISHED** |
| LUIS GAMARDO,           * | |
|                         * | Special Master Hamilton-Fieldman |
| Petitioner,    * | |
|                         * | |
| v.                      * | Attorneys' Fees and Costs; |
|                         * | Contested; *McCulloch* Hourly |
| SECRETARY OF HEALTH     * | Rates; Hours Expended. |
| AND HUMAN SERVICES,     * | |
|                         * | |
| Respondent.    * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 15, 2013, Luis Gamardo ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that the administration of a Measles, Mumps, and Rubella ("MMR") vaccine on November 15, 2010 caused him to suffer from immune (or "idiopathic") thrombocytopenic purpura ("ITP"). On May 1, 2015, the undersigned issued a decision awarding compensation to Petitioner. Judgment entered on the decision on May 29, 2015.

On October 16, 2015, Petitioner's counsel filed a motion seeking reimbursement for

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

$16,567.50 in attorneys' fees[3] and $214.71 in attorneys' costs. Petitioner's counsel also sought reimbursement for $369.99 in costs that had been personally incurred by Petitioner. *See* General Order #9 Statement, filed October 26, 2015. The total amount requested was $17,152.20.

On October 20, 2015, the undersigned convened a status conference at which she suspended Respondent's deadline for a response to Petitioner's motion. *See* Order, filed October 21, 2015. At a subsequent status conference, Respondent's counsel raised objections to the hourly rates billed by Petitioner's counsel's firm and to the reasonableness of billing for multiple attorneys. *See* Order, filed November 4, 2015. The undersigned ultimately informed the parties that she intended to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*, but that she would reduce Ms. Daniels' compensable hours by .4. *Id*. The undersigned directed Petitioner's counsel to draft a decision that incorporated the *McCulloch* rates and the noted reduction in hours. Petitioner's counsel filed his draft on November 5, 2015. To date, Respondent has not filed any objection to counsel's draft. This matter is now ripe for ruling.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome with respect to hourly rates. The undersigned also finds that a portion of the editing performed by multiple attorneys was duplicative and hereby reduces Ms. Daniels' compensable time by .4 hours.[4] The remaining portions of Petitioner's amended request are reasonable, and the undersigned therefore GRANTS the remainder of her request for payment of attorneys' fees and costs and Petitioner's costs.

In addition, the undersigned awards an additional 1.5 hours of attorney time, expended by Joseph Pepper at an hourly rate of $290.00, for counsel's preparation for the substantive status conference held on November 3, 2015, and for submission of a draft decision on attorneys' fees and costs. This amounts to an additional $435.00.

Accordingly, the undersigned awards:

> 1. **A lump sum of $17,105.21, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Luis Gamardo, and Petitioner's counsel, Mr. Ronald Homer of the law firm of Conway, Homer & Chin-Caplan, P.C.; and**

---

[3] Petitioner's counsel requested compensation at hourly rates that had recently been approved in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015) (identifying compensable hourly rates for Homer firm attorneys and staff).

[4] A reduction of .4 hours, at $280 per hour, is a total reduction of $112.00.

    **2. A lump sum of $369.99, representing reimbursement for Petitioner's costs, in the form of a check payable solely to Petitioner, Luis Gamardo.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                          /s/Lisa D. Hamilton-Fieldman
                                          Lisa D. Hamilton-Fieldman
                                          Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).